UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID SHADE, THERESA SHADE, Husband/Wife | Hon. Stanley R. Chesler, U.S.D.J. |
| Plaintiffs, | |
| v. | Civ. A. No. 04-2146 (SRC) |
| | **ORDER AND OPINION** |
| MELINDA LAFFERTY (AKA) MALINDA. LAFFERY AND KRISTA M. NORTH, | |
| Defendants. | |

THIS MATTER, having been brought before the Court on the Motion for Summary Judgment[1] of Defendant Krista M. North ("North"), seeking dismissal of Plaintiffs' ("the Shades") Complaint against North and dismissal of Defendant Melinda Lafferty's ("Lafferty")

---

[1] A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996). In deciding whether there is a disputed issue of material fact, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

Once the moving party has properly supported its showing of no triable issue of fact and an entitlement to judgment as a matter of law, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita, 475 U.S. at 586; see also Anderson, 477 U.S. at 247-48. The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992) ("to raise a genuine issue of material fact . . . the [non-moving party] need not match, item for item, each piece of evidence proffered by the movant," but rather "must exceed the 'mere scintilla' threshold"), cert. denied, 507 U.S. 912 (1993).

Crossclaim against North; and

IT APPEARING that this action arises out of a motor vehicle accident which occurred on May 17, 2002, at the time of which Plaintiff David Shade was stopped in traffic when he was struck from behind by North; and

IT FURTHER APPEARING that North was also stopped in traffic, behind Shade, when her car was struck from behind by Lafferty; and

IT FURTHER APPEARING that the Motion is unopposed by the Shades, who concur with North's position that "Defendant Lafferty was solely responsible for the happening of the subject accident," see Def. North's Suppt. Mem. at 3;[2] and

IT FURTHER APPEARING that the Motion is also unopposed by Lafferty, who effectively conceded North's version of the facts, testifying at deposition that she did not find North to be at fault for the collision;[3]

---

[2] In their letter to the Court dated June 22, 2005, the Shades concur with North's statement of the law in her moving papers that

> It is elementary that a following car in the same lane of travel is obligated to maintain [a] reasonably safe distance behind the car ahead and [have] due regard [for] the speed for the preceding vehicle and the condition of the highway ... the failure to do so, resulting in collision, is negligence.

Def. North's Suppt. Mem. at 3 (quoting Dolson v. Anastasia, 55 N.J. 2, 10 (1969)).  The Court agrees that this a correct statement of the applicable law.

[3] Lafferty testified as follows:

> Q: Now, Ms. Lafferty, you were inattentive at the time of this accident in operating your vehicle; isn't that correct?
> A: I believe.  I mean, I'm not sure how to answer that.  I guess so.
> ...
> Q: Your inattentive operation of you vehicle caused you to impact the vehicle in front of you [Ms. North's vehicle]; isn't that correct?

IT IS, therefore, on this 27th day of June, 2005, for the reasons set forth above, ORDERED that Defendant North's Motion [Dkt. #13] is hereby GRANTED and Plaintiff's Complaint is hereby dismissed with prejudice with respect to Defendant North; and

IT IS FURTHER ORDERED that Defendant Lafferty's Crossclaim against North [Dkt. #8] is also dismissed with prejudice.

Stanley R. Chesler, U.S.D.J. /s/

---

      A: Yes.
  ...
  Q: ... [W]as there anything that Ms. North could have done to have avoided this accident?
  A: Not to my knowledge.

The Shades' Letter to the Court, dated June 22, 2005, Ex. B (Lafferty Dep. at 25-26, 43).